

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE:  FTX CRYPTOCURRENCY EXCHANGE**
**COLLAPSE LITIGATION**

MDL No. 3076

**TRANSFER ORDER**

    **Before the Panel:**[*]  Plaintiff and defendants[1] in the action listed on Schedule A (*Lahav*) move under Panel Rule 7.1 to vacate the order conditionally transferring the action to MDL No. 3076.  Lead counsel for plaintiffs in the MDL oppose the motion and support transfer.

    The actions in MDL No. 3076 involve common factual questions concerning the collapse of the FTX cryptocurrency exchange in November 2022 and the subsequent bankruptcy of FTX Trading Ltd. and its U.S. affiliate FTX US (together, FTX).  *See In re FTX Cryptocurrency Exchange Collapse Litig.*, __ F. Supp. 3d __, 2023 WL 3829242 (J.P.M.L. June 5, 2023).  Plaintiffs in the centralized actions allege that FTX executives fraudulently withheld or misrepresented information with respect to customer assets on the FTX platform and that the professional services firms and celebrity promoters who worked with FTX were complicit in or otherwise bear responsibility for the alleged fraud – for example, by concealing FTX's financial problems or promoting FTX products with knowledge or willful blindness of the alleged fraud.   The MDL plaintiffs are FTX customers and investors seeking to recover their losses, either individually or on behalf of putative global, nationwide, and statewide classes.  Defendants are individuals and entities that allegedly facilitated FTX's wrongful conduct.

    In opposition to transfer, the *Lahav* parties argue that (1) the core factual questions in *Lahav* materially differ from those in the MDL; (2) class certification proceedings would be complicated by transfer; and (3) transfer would be inefficient.  These arguments are unpersuasive.  As movants acknowledge, the main question in *Lahav* involves the cause of the collapse of the FTX cryptocurrency exchange.  In *Lahav*, plaintiff alleges that FTX competitor Binance – allegedly, the world's largest cryptocurrency exchange – made false and misleading statements on social media in November 2022 that caused, or partially caused, a run on deposits on FTX platforms, directly leading to FTX's collapse.  These statements, made by Binance's then-CEO, allegedly concerned liquidation of certain Binance holdings in FTX and a sham proposal to acquire

---

[*]  Judge Nathaniel M. Gorton did not participate in the decision of this matter.

[1]  Responding defendants are BAM Trading Services Inc. and BAM Management US Holdings Inc.  Binance Holdings Ltd. and former CEO Changpeng Zhao also are named defendants in *Lahav*.  Defendants are referred to collectively as Binance.

Case 3:23-cv-05038-TLT   Document 42   Filed 04/15/24   Page 2 of 4
Case 1:23-md-03076-KMM   Document 610   Entered on FLSD Docket 04/12/2024   Page 2 of 4
Case MDL No. 3076   Document 277   Filed 04/11/24   Page 2 of 4

-2-

FTX.com that was suddenly withdrawn – all in an effort to remove FTX as a competitor in the cryptocurrency market.  While plaintiff in *Lahav* attributes the cause of FTX's collapse to other actors than the MDL plaintiffs do, *Lahav* necessarily will involve a complex factual inquiry into the cause of FTX's collapse – the same factual inquiry that is the subject of the MDL.  Thus, it is immaterial that the Binance entities are not currently defendants in the MDL.  Plaintiff's advancement of a competing theory of causation in *Lahav* makes transfer all the more important to avoid inconsistent rulings.  Moreover, transfer does not require a complete identity of factual issues, and the presence of additional facts or differing legal theories is not significant when, as here, the actions arise from a common factual core.  *See, e.g., In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012).

The involvement of overlapping classes of FTX customers and investors also supports transfer.  *Lahav* is on behalf of a proposed class of individuals and entities who had fiat or cryptocurrency deposited or invested through an FTX platform during the time of volatility in early November 2022.  The proposed classes in the MDL also are defined as individuals and entities who had fiat or cryptocurrency deposited through an FTX platform – but more broadly extends to any time within the limitations period.  Movants' attempt to distinguish the *Lahav* proposed class as being based on a different legal theory is futile – on the face of the complaint, the proposed classes overlap substantially.  Transfer of *Lahav* to the MDL will streamline proceedings on class-related issues and prevent inconsistent rulings on class certification.

Movants further assert that transfer of *Lahav* to the MDL will result in inefficiencies because of the somewhat different procedural postures of the actions, mainly with respect to the requirements of the Private Securities Litigation Reform Act that apply to *Lahav*, and potentially different discovery timelines.  We do not believe the alleged procedural differences among the actions warrant exclusion of *Lahav*.  In fact, all matters are at similar stages.  *Lahav*, like the actions in the MDL, is at the pleading stage, and motions to dismiss are pending or anticipated in both.  Given the relatively early stage of proceedings of both matters, we are confident *Lahav* can be efficiently integrated into the MDL proceedings.  Additionally, federal securities claims subject to the PSLRA regularly are included in MDLs involving non-securities claims for centralized pretrial proceedings.[2]  We see no persuasive reason to treat *Lahav* differently.

After considering the argument of counsel, we find that *Lahav* involves common questions of fact with the actions transferred to MDL No. 3076, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order establishing MDL No. 3076, we held that centralization was warranted for actions concerning the collapse of the FTX cryptocurrency exchange and the ensuing losses suffered by depositors and investors.  *See In re FTX Cryptocurrency Exchange Collapse Litig.*, 2023 WL 3829242, at *2.  Like the actions in the MDL, *Lahav* concerns the causes of the FTX collapse and seeks to recover losses on behalf of FTX customers who lost funds as a result of the collapse.

---

[2] *See, e.g., In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.,* 363 F. Supp. 3d 1372, 1374 (J.P.M.L. 2019); *In re Enron Corp. Secs., Derivative & "ERISA" Litig.,* 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002).

Case 3:23-cv-05038-TLT   Document 42   Filed 04/15/24   Page 3 of 4
Case 1:23-md-03076-KMM   Document 610   Entered on FLSD Docket 04/12/2024   Page 3 of 4

Case MDL No. 3076   Document 277   Filed 04/11/24   Page 3 of 4

-3-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable K. Michael Moore for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Matthew F. Kennelly        David C. Norton
Roger T. Benitez           Dale A. Kimball
Madeline Cox Arleo

**IN RE:  FTX CRYPTOCURRENCY EXCHANGE**
**COLLAPSE LITIGATION**                                    MDL No. 3076

## SCHEDULE A

<u>Northern District of California</u>

LAHAV v. BINANCE HOLDINGS LIMITED, ET AL., C.A. No. 3:23−05038